UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| LEONARD L. ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-20 |
| | ) | Judge Edgar |
| JESSE REGISTER, FREDERICK CARR, | ) | |
| SCOTT BENNETT, DR. ROBERT A. | ) | |
| SMITH, LONITA R. DAVIDSON, and | ) | |
| HAMILTON COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Leonard L. Rowe ("Rowe"), a citizen and resident of the City of Chattanooga in Hamilton County, Tennessee, brings this *pro se* action against defendants Jesse Register, Frederick Carr, Scott Bennett, Robert A. Smith, Lonita R. Davidson, and the Board of Education of Hamilton County, Tennessee. Jesse Register is the former Superintendent of the Hamilton County Department of Education. The defendants are citizens and residents of Hamilton County, Tennessee.

In his first complaint, Rowe claims breach of contract of employment. Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants contend that the breach of contract claim is frivolous, unsupported by the facts, and is precluded by the doctrine of *res judicata*.

The Court ordered Rowe to show good cause why his first complaint should not be dismissed

1

without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  Rowe

filed a response to the show cause order [Doc. No. 24] wherein he amended his complaint which is

permitted under Fed. R. Civ. P. 15(a).  In the amended complaint, Rowe again essentially alleges

a claim for breach of contract of employment.  In an effort to avoid dismissal under Rule 12(h)(3)

for lack of subject matter jurisdiction, Rowe seeks to invoke the Court's subject matter jurisdiction

pursuant to 28 U.S.C. § 1331 by making vague, conclusory references to 42 U.S.C. § 1983, the

Fourteenth Amendment to the United States Constitution, and due process.[1]  Since Rowe in his

amended complaint makes a minimal effort to plead subject matter jurisdiction, the Court will not

dismiss this action under Rule 12(h)(3) on the ground of lack of subject matter jurisdiction.

After reviewing the record, the Court concludes that the defendants' Rule 12(b)(6) motion

to dismiss the complaint is well taken and it will be granted.  Rowe's amended complaint is

frivolous and it will be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  All of Rowe's

claims and causes of action against the defendants are completely precluded and barred by the

doctrine of *res judicata*.  Moreover, the amended complaint fails to adequately plead and state a

viable claim for breach of contract of employment.  The Court takes judicial notice that Rowe has

never had a contract of employment with defendant Hamilton County Board of Education

("HCBE").  It is not a breach of contract for HCBE and the individual defendants to decline or

refuse to employ Rowe.  The amended complaint also fails to state a viable claim for deprivation

of Rowe's right to procedural and substantive due process under the Due Process Clause of the

Fourteenth Amendment.

---

[1]    Although not cited by Rowe in his amended complaint, 28 U.S.C. § 1343(a)(3)
provides this Court with subject matter jurisdiction over federal civil rights claims brought under
42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

## I.      Plaintiff Rowe's Complaint

### A.      Liberal Construction of *Pro Se* Pleadings and Fed. R. Civ. P. 8(a)(2)

Because Rowe is proceeding *pro se*, his pleadings are liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. Generally, *pro se* complaints are liberally construed in determining whether they state a claim upon which relief can be granted. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *West v. Adecco Employment Agency*, 124 Fed. Appx. 991, 992-93 (6th Cir. 2005); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Brady v. Tennessee*, 2007 WL 4124483, * 2 (E.D. Tenn. Nov. 19, 2007); *McGowan v. Cantrell*, 2007 WL 2509704, * 1 (E.D. Tenn. Aug. 30, 2007). The relaxed pleading standard for *pro se* parties is consistent with Fed. R. Civ. P. 8(f) which provides: "All pleadings shall be so construed as to do substantial justice." *See Erickson*, 127 S.Ct. at 2200; *West*, 124 Fed. Appx. at 992-93.

The leniency accorded to *pro se* plaintiffs in drafting their pleadings is not boundless. Rowe's *pro se* status does not exempt him from complying with the minimum requirements for pleading a complaint under Fed. R. Civ. P. 8(a). *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Pilgrim*, 92 F.3d at 416; *Jourdan*, 951 F.2d at 110; *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *McGowan*, 2007 WL 2509704, at * 1. The Court is not required to assume or conjure up factual allegations and claims on Rowe's behalf which he has failed to plead. *Martin*, 391 F.3d at 714; *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001); *Wells*, 891 F.2d at 594; *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988); *Brady*, 2007 WL 4124483, at * 2.

Despite the relaxed pleading standard, *pro se* plaintiffs are not automatically entitled to take every case to trial. *Martin*, 391 F.3d at 714; *Pilgrim*, 92 F.3d at 416; *Brady*, 2007 WL 4124483, at * 2. Rowe does not have a right to a trial in this case because his amended complaint cannot survive the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Rowe is required to comply with Fed. R. Civ. P. 8(a)(2) which provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief. " This is necessary to provide the defendants with fair notice of Rowe's claims and the grounds upon which those claims rest. *Erickson*, 127 S.Ct. at 2200; *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *McGowan*, 2007 WL 2509704, at * 1.

In *Bell Atlantic*, 127 S.Ct. at 1964, the Supreme Court explains that a complaint attacked by a Rule 12(b)(6) motion to dismiss does not necessarily need detailed allegations of fact. A plaintiff's obligation under Rule 8(a)(2) to plead and plainly state in the complaint the grounds showing that the plaintiff is entitled to relief "requires more than [mere] labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss a complaint, the courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Eidson v. State of Tennessee Department of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007) (Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice).

In his amended complaint, Rowe does not comply with Rule 8(a)(2) by making conclusory allegations of a "breach of contract" and bare references to the Fourteenth Amendment, due process,

4

and 42 U.S.C. § 1983. These are merely conclusory allegations and legal conclusions masquerading as factual allegations. Rowe is required to allege relevant supporting facts that state and support a viable claim or cause of action based on some valid legal theory. This he has failed to do.

To meet the basic pleading requirements of Rule 8(a)(2), the factual allegations in Rowe's amended complaint must, at a minimum, be enough to raise a claim for relief above the level of speculation. *Bell Atlantic*, 127 S.Ct. at 1965. "The pleading must contain something more by way of a claim for relief than ... a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action." 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 3d § 1216, pp. 235-36 (3d ed. 2004) (quoted with approval in *Bell Atlantic*, 127 S.Ct. at 1965). A complaint must allege sufficient facts, taken in context, that state a claim for relief that is "plausible on its face" rather than merely speculative or conceivable. *Bell Atlantic*, 127 S.Ct. at 1965-74; *McGowan*, 2007 WL 2509704, at * 3.

This Court has applied these standards and liberally construed Rowe's amended complaint. The Court concludes that the amended complaint falls short of complying with Rule 8(a)(2). When the Court takes judicial notice of the history of prior litigation initiated by Rowe concerning the same events, facts, and circumstances that now form the basis for the instant suit, it is clear that Rowe has failed to allege sufficient facts that state and support a viable claim as a matter of law.

Although Rowe uses the term "breach of contract," this is nothing more than a mere label and legal conclusion couched as a factual allegation which this Court is not required to accept as being true and accurate. A conclusory allegation of breach of contract of employment is not enough to defeat a Rule 12(b)(6) motion to dismiss the complaint when there are no underlying factual allegations in the complaint that support and state a claim for breach of contract of employment that

is plausible on its face.

This same analysis applies to the exceedingly vague, conclusory references in the amended complaint to the Fourteenth Amendment, due process, and 42 U.S.C. § 1983. Rowe's cursory references to these sources of law are only labels and legal conclusions that lack supporting facts. Rowe labors under the mistaken belief that he can adequately plead a complaint by inserting the terms "Fourteenth Amendment," "due process," and "42 U.S.C. § 1983" without alleging any underlying facts that support such legal conclusions and theories of liability. There are no facts alleged in Rowe's amended complaint that state and support a viable claim for deprivation of due process that is cognizable under the Due Process Clause of the Fourteenth Amendment.

Rowe's amended complaint does not satisfy the basic pleading requirements of Rule 8(a)(2) because his meager factual allegations do not raise and state a claim for relief above the level of speculation. *Bell Atlantic*, 127 S.Ct. at 1965. At most, Rowe's amended complaint contains some allegations that only create a suspicion he might possibly have a legally cognizable right of action. The amended complaint is deficient because it does not allege sufficient facts, taken in context, that state a viable claim for relief that is "plausible on its face" rather than merely speculative or conceivable. *Bell Atlantic*, 127 S.Ct. at 1965-74; *McGowan*, 2007 WL 2509704, at * 3.

**B.     First Complaint**

In his first complaint [Doc. No. 3], Rowe alleges a simple breach of contract of employment. The first complaint did not contain a statement of the grounds upon which the Court's subject matter jurisdiction depends as required by Fed. R. Civ. P. 8(a)(1). It did not aver that the breach of contract claim is based on or arises under any provision of the United States Constitution or other federal law. It is not alleged that the breach of contract claim is predicated on a violation of any of Rowe's

federal rights protected under the Constitution or other laws of the United States. As the Court construed the plain language in the first complaint, Rowe merely pleaded a simple breach of contract claim which appeared to be predicated solely on Tennessee state law.

This Court did not have diversity jurisdiction over the first complaint under 28 U.S.C. § 1332 because plaintiff Rowe and the defendants are all citizens of the State of Tennessee, and the requisite diversity of citizenship between the parties does not exist. The first complaint did not plead or establish that there was federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1343, or any other federal statute. The Court ordered Rowe to show good cause why his first complaint should not be dismissed without prejudice *sua sponte* pursuant to Fed. R. Civ. P. 12(h)(3) on the ground of lack of subject matter jurisdiction. [Doc. No. 23].

### C. Amended Complaint

In response to the show cause order, Rowe amended his complaint pursuant to Fed. R. Civ. P. 15(a). [Doc. No. 24]. The various pleadings, motions, and responses filed by Rowe are confusing and a little difficult to decipher. The document filed by Rowe on July 19, 2007 [Doc. No. 24] is captioned as being a response to the show cause order, and it is not captioned as being an amended complaint. It appears from the record that Rowe intends for his July 19, 2007 "response" to be an amended complaint. There is attached to the response a certificate of service wherein Rowe indicates that his response to the show cause order is the "Plaintiff's Amended Petition." On August 13, 2007, Rowe filed another belated response concerning subject matter jurisdiction [Doc. No. 25] which in paragraph 13 refers to Rowe's previous July 19, 2007 "response" [Doc. No. 24] as being his "Amended Petition."

The Court liberally construes and treats the response to the show cause order filed by Rowe

on July 19, 2007 [Doc. No. 24] to be an amended complaint filed pursuant to Fed. R. Civ. P. 15(a). If the defendants have not perceived and recognized it to be an amended complaint, it is understandable due the confusing way in which Rowe has drafted and captioned it as being a response to the show cause order, not an amended complaint.

In the amended complaint, Rowe pleads that he is bringing a cause of action for breach of contract of employment. He asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 to "address the Federal Question(s) raised" pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. The bare citations to 42 U.S.C. § 1983 and the Fourteenth Amendment are conclusory and lacking in supporting factual allegations. The amended complaint does not specify a particular clause of the Fourteenth Amendment. It fails to clearly state the "federal questions" that Rowe purports to raise.

The Court infers that Rowe most likely seeks to rely on the Due Process Clause of the Fourteenth Amendment. The Court makes this inference because the amended complaint goes on to aver that this Court has "pendent jurisdiction" to adjudicate unspecified questions involving state law arising under Section 8 (Due Process Clause) of the Constitution of the State of Tennessee. When Rowe refers to "pendent jurisdiction," the Court infers that he means supplemental jurisdiction under 28 U.S.C. § 1367.

In the amended complaint, it is alleged that Rowe and defendant HCBE entered into a contract of employment for Rowe to be a public school teacher and that Rowe has served HCBE in good faith. It is further alleged that HCBE breached the contract "by failing to reinstate Plaintiff after a brief separation in 1988, even though Plaintiff has maintained his certification and eligibility as required by the State of Tennessee." Rowe subsequently "attempted to gain re-employment

without success." The Court construes this to mean that Rowe alleges he has submitted one or more applications for employment to HCBE but his job applications have been denied, rejected, or ignored by the defendants.

The amended complaint claims that the defendants are indebted to Rowe in an amount in excess of $1,000,000 as a direct result of having denied Rowe "his employment opportunity." It is claimed that Rowe is entitled to recover for "past due salary and monies owed together with damages resulting from" the breach of contract of employment.

Rowe's conclusory allegation of the existence of a contract of employment with HCBE is not supported by any relevant facts and details. Rowe does not state the date when he contends that the contract was formed with HCBE or the terms of the alleged contract. Rowe does not attach a copy of any written contract to his amended complaint or any other relevant supporting documents. The Court infers that Rowe contends the contract of employment was formed sometime in either 1988 or prior to 1988, before his alleged "separation from employment" in 1988. There is nothing in the amended complaint to indicate that Rowe contends a contract of employment was ever formed between Rowe and HCBE after 1988.

The reference in the complaint to Rowe's "separation from employment" in 1988 is significant. As discussed *infra*, the Court takes judicial notice that Rowe has never been employed by HCBE. Rowe was not employed by HCBE either before or after his "separation from employment" in 1988. Rowe is a former employee of the now defunct Chattanooga Board of Education. The Chattanooga Board of Education terminated Rowe's contract of employment as a teacher in 1980 when it discharged him "for cause." When Rowe alleges that he had a contract of employment as a public school teacher before his "separation from employment" in 1988, Rowe is

actually referring to his old contract of employment with the Chattanooga Board of Education, not a contract of employment with HCBE.

## II.   Defendants' Motion to Dismiss Complaint

Before Rowe amended his complaint, the defendants made their motion to dismiss the complaint with prejudice citing Rules 8(c), 11, and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 13]. The Court infers that defendants have not taken the step of renewing their Rule 12(b)(6) motion to dismiss after Rowe amended the complaint because defendants may not have perceived that the incorrectly captioned and confusing "response to show cause order" filed by Rowe on July 19, 2007 [Doc. No. 24] is an amended complaint. In any event, it is not necessary for the defendants to renew their Rule 12(b)(6) motion to dismiss after Rowe amended his complaint. The Court has no doubt that defendants want their pending Rule 12(b)(6) motion to likewise be applied to the amended complaint. The arguments presented by the defendants in their Rule 12(b)(6) motion to dismiss apply with equal force and effect to Rowe's amended complaint.

Defendants contend that Rowe's entire complaint is precluded and barred by the doctrine of *res judicata* since it is nothing more than a repetition of prior baseless allegations and other similar lawsuits brought by Rowe that have been previously dismissed by this United States District Court and the Tennessee state courts. Defendants raise the affirmative defense of *res judicata* under Rule 8(c). Defendants assert that Rowe is repeating the same allegations from his "exaggerated interpretation of events" presented during the course of prior litigation.

Defendants further contend that Rowe's instant complaint is frivolous and lacking in evidentiary support in violation of Fed. R. Civ. P. 11(b)(1) and (3). Rule 11(b)(1) provides that by presenting a signed pleading to this Court, Rowe certifies that to the best of his "knowledge,

information and belief, formed after an inquiry reasonable under the circumstances," the complaint "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Defendants assert that Rowe's intent in bringing this frivolous action predicated on a breach of contract theory is only to harass and force the defendants to engage in needless, costly litigation. Defendants ask the Court to take judicial notice that Rowe has never been their employee. Defendants contend that Rowe cannot maintain a claim for breach of contract against them because no contract of employment has ever existed between Rowe and HCBE.

After reviewing the amended complaint and after taking judicial notice of the facts, procedural history, and claims asserted by Rowe in prior litigation, the Court concludes that the defendants' motion to dismiss Rowe's complaint will be **GRANTED IN PART** and **DENIED IN PART** as follows.

The defendants' motion will be **GRANTED** to the extent that Rowe's entire amended complaint will be **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. All of the claims in the amended complaint are precluded by the doctrine of *res judicata*. Moreover, the allegations in the amended complaint fail to state viable claims for breach of contract and deprivation of constitutional due process.

The defendants' motion to dismiss the complaint will be **DENIED IN PART** to the extent that defendants' move for relief or sanctions under Fed. R. Civ. P. 11.

### A.     Sanctions Not Available Under Fed. R. Civ. P. 11

Although defendants cite Fed. R. Civ. P.11, they do not request that the Court impose any specific Rule 11 sanctions on Rowe, except for dismissal of the complaint with prejudice. It is not

clear from the motion to dismiss whether the defendants seek to impose other sanctions on Rowe under Rule 11 beyond dismissing the complaint.

The Court cannot impose sanctions on Rowe and award relief to defendants under Rule 11. To the extent that defendants may be moving for relief or sanctions under Rule 11, the defendants' motion must be **DENIED**. Sanctions against Rowe are not available under Rule 11 based on the defendants' motion to dismiss for two reasons.

First, Rule 11(c)(1)(A) provides that a motion by a party for sanctions under Rule 11 "shall be made separately from other motions or requests ...." If defendants intend to move the Court to impose sanctions on Rowe under Rule 11, defendants are required by Rule 11(c)(1)(A) to make a Rule 11 motion that is separate from other motions. Defendants have not complied with Rule 11(c)(1)(A). Defendants cannot make a Rule 11 motion for sanctions by combining it with their Rule 12(b)(6) motion to dismiss the complaint. The Court is required to consider the motion to dismiss the complaint as being brought solely under Fed. R. Civ. P. 12(b)(6). The Court cannot treat the defendants' Rule 12(b)(6) motion as also being a motion for sanctions under Rule 11.

Second, sanctions are not available under Rule 11 because defendants have not demonstrated compliance with the "safe harbor" provision in Rule 11(c)(1)(A). Prior to filing their motions to dismiss the complaint, defendants did not give prior notice to Rowe that defendants intended to move for Rule 11 sanctions and did not afford Rowe an opportunity to amend, correct, withdraw, or voluntarily dismiss his complaint to avoid Rule 11 sanctions. Because defendants did not comply with the Rule 11(c)(1)(A) "safe harbor" provision before filing their motion to dismiss, Rule 11 sanctions are not available. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-11 (6th Cir. 2002); *Cobleigh v. United States*, 178 F.3d 1293 (Table, text in 1999 WL 195738

(6th Cir. March 23, 1999)); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

**B.     Standard of Review: Fed. R. Civ. P. 12(b)(6) and Judicial Notice of Prior Litigation**

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(6)(b) is to permit the defendants to test whether, as a matter of law, plaintiff Rowe is entitled to relief even if all well-pleaded allegations in the complaint are presumed to be true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987); *McGowan*, 2007 WL 2509704, at * 2.

To preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential elements necessary to sustain a claim for relief under some viable legal theory. *Eidson*, 510 F.3d at 634; *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336-37 (6th Cir. 2007); *Golden v. City of Columbus*, 404 F.3d 950, 959 (6th Cir. 2005); *Begala v. PNC Bank, Ohio, National Association*, 214 F.3d 776, 779 (6th Cir. 2000); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The Court is not required to assume or conjure up factual allegations and claims on Rowe's behalf which he has failed to plead. *Martin*, 391 F.3d at 714; *Erwin*, 22 Fed. Appx. at 580; *Wells*, 891 F.2d at 594; *McGregor*, 856 F.2d 39, 42-43 (6th Cir. 1988); *Brady*, 2007 WL 4124483, at * 2.

The amended complaint is construed in the light most favorable to plaintiff Rowe and the

Court accepts all well-pleaded allegations of fact in the complaint as being true. *Scheur v. Rhodes*, 416 U.S. 232 (1974); *Commercial Money Center*, 508 F.3d at 336; *Columbia Natural Resources*, 58 F.3d at 1109; *Mayer*, 988 F.2d at 638; *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). When a factual allegation is capable of more than one reasonable inference, it must be construed in the plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997); *Columbia Natural Resources*, 58 F.3d at 1109. The Court may not grant a Rule 12(b)(6) motion to dismiss simply because the Court does not believe the allegations of fact in the complaint. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997); *Saglioccolo*, 112 F.3d at 228-29; *Columbia Natural Resources*, 58 F.3d at 1109; *Allard*, 991 F.2d at 1240.

The Court is not, however, required to accept as true mere legal conclusions and unwarranted inferences of fact. *Commercial Money Center*, 508 F.3d at 336; *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); *Lewis*, 135 F.3d at 405; *Grindsatff v. Green*, 1033 F.3d 416, 421 (6th Cir. 1998); *Columbia Natural Resources*, 58 F.3d at 1109; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The standard of review under Rule12(b)(6) requires that the complaint to do more than make conclusory allegations or recite legal conclusions masquerading as factual allegations. *Bell Atlantic,* 127 S.Ct. at 1965; *Eidson*, 510 F.3d at 634; *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 847 (6th Cir. 2006); *Golden*, 404 F.3d at 959; *Begala*, 214 F.3d at 779; *Scheid*, 859 F.2d at 436. To avoid dismissal under Rule 12(b)(6), the complaint must allege enough facts to state a claim for relief that is plausible on its face, rather than just speculative or conceivable. *Bell Atlantic,* 127 S.Ct. at 1974; *McGowan*, 2007 WL 2509704, at * 3-4; *Reid v. Purkey*, 2007 WL 1703526, * 2 (E.D. Tenn. June 11, 2007.

When considering a Rule 12(b)(6) motion to dismiss, the Court ordinarily does not consider matters outside of the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997). The last sentence in Rule 12(b) provides that if on a Rule 12(b)(6) motion to dismiss, matters outside the pleadings are presented to and not excluded by the Court, then the motion shall be treated as a motion for summary judgment under Fed. R. Civ. P. 56.

There are exceptions to this general rule. One exception is that federal courts may consider public records and any other matters of which the courts may take judicial notice under Fed. R. Evid. 201(b) without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 summary judgment motion. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) *overruled on other grounds*, *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002); *Lee v. Dell Products, L.P.* 236 F.R.D. 358, 361 (M.D. Tenn. 2006); 5C Wright & Miller, Federal Practice and Procedure: Civil 3d §§ 1364, 1366 (3d ed. 2004).

In reviewing the defendants' Rule 12(b)(6) motion to dismiss Rowe's complaint on the ground that it is precluded by the doctrine of *res judicata*, the Court takes judicial notice of the prior history of litigation involving Rowe and this same subject matter. *Shuttlesworth v. Birmingham*, 394 U.S. 147, 157 n. 6 (1969); *National Fire Ins. Co. of Hartford v. Thompson*, 281 U.S. 331, 336 (1930); *Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (Court may take judicial notice of its own record in the prior case on which the argument of *res judicata* claim preclusion is premised); *Harrington v. Vandalia-Butler Board of Education*, 649 F.2d 434, 441 (6th Cir. 1981).

## III.    Judicial Notice of Prior Related Litigation

Rowe, a former teacher with the City of Chattanooga school system, has for many years unsuccessfully sought re-employment as a public school teacher. The Court takes judicial notice

that Rowe has an extensive history of litigation against the Chattanooga Board of Education and HCBE.

This previous litigation includes, but is not limited to, the following cases:

(1)     *Rowe v. Board of Education of City of Chattanooga, James H. Huestess, and James D. McCullough*, United States District Court for the Eastern District of Tennessee at             Chattanooga, Case No. _____ (District Court judgment in defendants' favor), *aff'd*, 755 F.2d 933 (Table, text in 1985 WL 12898 (6th Cir. January 15, 1985));

(2)     *Rowe v. Board of Education of City of Chattanooga and Dr. Harry Reynolds, Superintendent of Schools of the City of Chattanooga*, 1995 WL 635751 (Tenn. Ct. App. Oct. 31, 1995), *rev'd*, 938 S.W.2d 351 (Tenn. 1996), *cert. denied*, 520 U.S. 1128 (1997); and

(3)     *Leonard L. Rowe v. Jesse B. Register, Frederick Carr, D. Scott Bennett, Dr. Robert A. Smith, Lonita Davidson, and Hamilton County Board of Education*, United States District Court for the Eastern District of Tennessee at Chattanooga, Case No. 1:04-cv-             260 (District Court judgment in defendants' favor), *aff'd*, *Rowe v. Register*, 172 Fed. Appx. 660, 2006 WL 526909 (6th Cir. March 3, 2006), *cert. denied*, 547 U.S. 1180 (2006).


To place the instant suit into proper context, especially for *res judicata* analysis, it is necessary to summarize the factual background and procedural history that have emerged and been established in the prior litigation. The following chronological summary is derived largely from the opinion rendered by this Court on November 22, 2004, in *Leonard L. Rowe v. Jesse B. Register, et*

*al.*, Case No. 1:04-cv-260, and the decision of the Tennessee Supreme Court in *Rowe v. Board of Education of City of Chattanooga*, 938 S.W.2d 351.[2]

Rowe initially began teaching in the Chattanooga public school system in 1967. He was denied tenure at the end of the 1968-1969 school year. After brief service in the military, Rowe returned to his job as a public school teacher in Chattanooga, and he received tenure in 1972 or 1973. Rowe taught in the Chattanooga schools until 1980. During this time period, he was employed by the Chattanooga Board of Education, not HCBE. *Rowe v. Board of Education of the City of Chattanooga*, 1995 WL 635751, at * 1.

In 1980, the Chattanooga Board of Education terminated Rowe's employment. He was discharged "for cause, including insubordination and inefficiency." The disciplinary charges against Rowe were primarily based on his conduct during and after a discussion and disagreement with a school principal about Rowe's job evaluation. The charges against Rowe included walking out of two conferences called by the principal, refusing to enter into discussions with the principal, and stating that the principal had not been truthful about earlier events. After a hearing before the Chattanooga Board of Education, Rowe was dismissed from his teaching job. Rowe unsuccessfully appealed and challenged his discharge in the Tennessee state courts. This is discussed in more detail by the Supreme Court of Tennessee in *Rowe*, 938 S.W.2d at 353, and by the Tennessee Court of Appeals in *Rowe*, 1995 WL 635751.

In 1983, Rowe filed a federal civil rights suit in this United States District Court under 42 U.S.C. §§ 1983 and 1985 against the Chattanooga Board of Education, Superintendent of Schools

---

[2] The final judgment and the accompanying memorandum opinion rendered by this Court on November 22, 2004, in *Leonard L. Rowe v. Jesse B. Register, et al.*, Case No. 1:04-cv-260, are appended hereto as Appendix 1.

James D. McCullough, and Chattanooga Board of Education member James H. Huestess. Rowe claimed that these defendants refused to promote him and terminated his employment as a Chattanooga school teacher because of race discrimination. Rowe also claimed that newspaper accounts of his termination damaged his reputation and ability to find other employment as a teacher. This District Court granted a motion by the defendants to dismiss the complaint on two grounds. This Court determined that Rowe's claims were: (1) time-barred by the statute of limitations; and (2) precluded by the doctrine of *res judicata*. Rowe took an appeal to the United States Court of Appeals for the Sixth Circuit. In January 1985, the Sixth Circuit affirmed the judgment and dismissed the appeal. *Rowe*, 755 F.2d 933 (text in 1985 WL 12898). Based on this litigation in the federal courts in 1983-1985, Rowe should be familiar with the doctrine of *res judicata*.

Beginning in 1986 or 1987, Rowe attempted to get rehired and obtain another teaching job in the Chattanooga public school system. Despite having been discharged "for cause," Rowe was inexplicably and mistakenly placed on a substitute teacher's list in 1987. Rowe was subsequently called to work as a substitute teacher in the Chattanooga school system on a part-time, as-needed basis. After that school year ended, members of the Chattanooga Board of Education asked School Superintendent Harry Reynolds to explain why Rowe's name had been placed on the substitute teachers' list when Rowe had been discharged for cause in 1980. Superintendent Reynolds directed that Rowe's name be deleted from the substitute teachers' list. *Rowe*, 938 S.W.2d at 353.

After being removed from the substitute teacher's list, Rowe continued in his efforts to apply for full-time employment within the Chattanooga school system. When these efforts failed, Rowe filed a complaint with the Chattanooga Human Rights and Human Relations Commission

("Commission") in 1990 claiming that the Chattanooga Board of Education had discriminated against Rowe on account of his race (African-American) by removing him from the substitute teacher's list and by hiring other applicants for two vacant principal positions for which Rowe had applied.  After an investigation and hearing, the Commission determined that Rowe had not established that he was the victim of race discrimination.

The Commission recommended that the Chattanooga Board of Education adopt a uniform policy addressing the issue of the ability of previously dismissed teachers to obtain employment within the Chattanooga school system.  On April 8, 1991, the Chattanooga Board of Education adopted policy 4117.5 which provided: "Any employee of the Board of Education terminated for cause, inefficiency, or immorality shall not be eligible for re-employment, whether at the same or different level.  Neither shall such individuals be eligible for employment on a contract basis, including serving as a substitute teacher."  *See Rowe*, 938 S.W.2d at 353.

Thereafter, Rowe brought a lawsuit in the Hamilton County Chancery Court against the Chattanooga Board of Education and Superintendent Reynolds pursuant to 42 U.S.C. § 1983 claiming that their refusal to consider hiring Rowe for a job in the Chattanooga school system violated Rowe's rights protected under the Fourteenth Amendment to the United States Constitution.  Rowe sought a declaratory judgment that Chattanooga Board of Education policy 4117.5 was an unconstitutional infringement upon his property and liberty rights to freely pursue his chosen occupation as a school teacher.  In addition, Rowe asserted a claim for compensatory damages for back pay beginning on the date the Chattanooga Board of Education adopted policy 4117.5 predicated on the theory that Rowe would have been hired if policy 4117.5 had not been adopted.  *Rowe*, 938 S.W.2d at 354.

A bench trial was held in the Hamilton County Chancery Court. The suit ultimately wound its way through the Tennessee Court of Appeals to the Supreme Court of Tennessee. *Rowe v. Board of Education of City of Chattanooga*, 1995 WL 635751 (Tenn. Ct. App. Oct. 31, 1995), *rev'd*, 938 S.W.2d 351 (Tenn. 1996). In November 1996, the Supreme Court of Tennessee rendered its decision adverse to Rowe holding that: (1) Rowe's Fourteenth Amendment right to due process was not implicated because Chattanooga Board of Education policy 4117.5 did not deprive Rowe of either a protected property interest or liberty interest; and (2) policy 4117.5, which is designed to ensure the employment of competent educators by denying employment to persons previously discharged for cause, was rational and did not violate Rowe's Fourteenth Amendment right to equal protection of the law. *Rowe*, 938 S.W.2d at 354-57.

In rejecting Rowe's claim that he had been deprived of a property interest without procedural due process in violation of the Fourteenth Amendment' Due Process Clause, the Supreme Court of Tennessee correctly reasoned that in order for a property interest to be entitled to Fourteenth Amendment due process protection, it must be more than a mere "unilateral expectation" or an "abstract need or desire." The property interest must be a legitimate claim of entitlement to a specific benefit. *Rowe*, 938 S.W.2d at 354 (citing and quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). The Supreme Court of Tennessee determined that Rowe's attempts to attain future employment with the Chattanooga public school system did not rise to the level of a "legitimate claim of entitlement" for purposes of constitutional due process analysis. Rowe's desire to be employed by the Chattanooga school system is more accurately described as a "unilateral expectation" or an "abstract need or desire" for it. Therefore, Rowe failed to establish that he was deprived of a property interest in future employment as a teacher that was protected

under the Due Process Clause of the Fourteenth Amendment.  *Rowe*, 938 S.W.2d at 354.

Undaunted by these defeats in the federal courts and Tennessee state courts, Rowe persisted in his unceasing efforts to seek employment with the Chattanooga public schools and, subsequently, employment within the Hamilton County public school system.  Rowe's former employer, the Chattanooga Board of Education, was dissolved and ceased to exist in 1997.  The City of Chattanooga public school system went out of business.  In the 1997-1998 school year, the Chattanooga school system was merged into and absorbed by the Hamilton County school system, i.e. Hamilton County Department of Education ("HCDE").   Under the circumstances, HCDE was required by Tennessee law to take over operation of the Chattanooga public school system.

The key fact is that Rowe was not employed as a teacher in the Chattanooga school system when it dissolved and merged into the Hamilton County public school system beginning in the 1997-1998 school year.  Rowe's contract of employment was terminated by the Chattanooga Board of Education in 1980.  Thus, Rowe cannot possibly contend and show that he had an existing contract of employment as a teacher that carried over to the Hamilton County public school system beginning in the 1997-1998 school year when the merger occurred.  Rowe does not have a legitimate claim of entitlement to any contract of employment as a teacher with the Hamilton County school system.

Rowe thereafter made such a nuisance of himself that in August 1999, HCDE obtained a temporary injunction from a Tennessee state court that restrained and prohibited Rowe from going on or about HCDE's property and main offices located on Bonny Oaks Drive in Chattanooga for any reason.  The temporary injunction became a permanent injunction in March 2000.

In the meantime, Rowe's teaching license issued by the State of Tennessee lapsed.  Rowe

applied for and received from the State of Tennessee a re-certification of his state teaching license in October 2001. Rowe notified HCDE of his teaching re-certification and he again made one or more applications for a job. The job applications were rejected by HCDE. In sum, HCDE has never entered into a contract of employment with Rowe.

Rowe next filed a charge of race discrimination in employment with the United States Equal Employment Opportunity Commission and its state counterpart, the Tennessee Human Rights Commission. When his administrative charges of employment discrimination were unsuccessful, Rowe filed yet another suit in this Court in 2004 styled *Leonard L. Rowe v. Jesse B. Register, Frederick Carr, D. Scott Bennett, Robert A. Smith, Lonita R. Davidson, and Hamilton County Board of Education*, United States District Court for the Eastern District of Tennessee at Chattanooga, Case No. 1:04-cv-260. For purposes of applying the doctrine of *res judicata*, it is important to note that the defendants in Case No. 1:04-cv-260 are the exact same defendants who are now being sued again by Rowe in the instant Case No. 1:07-cv-20.

In prior Case No. 1:04-cv-260, Rowe raised claims under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, along with claims of race discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, and the Tennessee Human Rights Act, and official oppression in violation of Tenn. Code Ann. § 39-16-403. Although Rowe had the opportunity, he did not plead a claim for breach of contract of employment against HCDE and the other individual defendants in Case No. 1:04-cv-260 based on the breach of contract theory now being asserted by Rowe in his instant amended complaint.

On November 22, 2004, this Court entered a judgment in Case No. 1:04-cv-260 dismissing Rowe's entire complaint with prejudice as to all of the defendants. The Court explained its legal

analysis in an accompanying memorandum opinion [Case No. 1:04-cv-260, Doc. No. 21] which is appended hereto as Appendix 1. In Case No. 1:04-cv-260, Rowe cited 42 U.S.C. § 1983 and the Fourteenth Amendment in a vague, conclusory manner. He did not specify the legal or factual basis for his purported Fourteenth Amendment claim. Rowe did not bother to identify any constitutionally protected property interest or liberty interest that would constitute the basis for a viable claim cognizable under the Due Process Clause of the Fourteenth Amendment. Consequently, this Court in Case No. 1:04-cv-260 dismissed Rowe's deficient Fourteenth Amendment claim with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

In Case No. 1:04-cv-260, this Court determined that, at most, Rowe was a former employee of the Chattanooga Board of Education seeking re-employment, and he did not have a constitutionally protected property interest or liberty interest in his former teaching job. This Court recognized that the Supreme Court of Tennessee had previously rejected and dismissed similar Fourteenth Amendment claims by Rowe when he was refused re-employment with the Chattanooga school system. This Court relied on the Tennessee Supreme Court's decision in *Rowe*, 938 S.W. 2d at 354-57, which held that Rowe did have a property or liberty interest in his former job as a school teacher that was protected under the Fourteenth Amendment.

The judgment of this Court in Case No. 1:04-cv-260 dismissing with prejudice Rowe's complaint pursuant to Rule 12(b)(6) operates as a judgment on the merits for *res judicata* purposes. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981); *Hughes v. United States Department of Housing and Urban Development*, 238 F.3d 421 (Table, text in 2000 WL 1828275, * 1 (6th Cir. Dec. 8, 2000); *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992); *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 495 (6th Cir. 1990); *Guzowski v. Hartman*, 849 F.2d 252, 255 and

n. 4 (6th Cir. 1988).

Rowe took a direct appeal from this Court's judgment in Case No. 1:04-cv-260. In March 2006, the Sixth Circuit Court of Appeals dismissed the appeal and affirmed the judgment. *Rowe v. Register*, 172 Fed. Appx. 660, 2006 WL 526909.

## IV.     Doctrine of *Res Judicata* Precludes All Claims in Amended Complaint

With this background and history of prior litigation in mind, we turn to the task of analyzing Rowe's instant amended complaint. Despite the adverse results of the extensive prior litigation, Rowe wants yet another bite of the same apple.

It is not entirely clear whether Rowe seeks to bring a breach of contract of employment claim under Tennessee state law and/or under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. The bottom line is that Rowe is attempting to conjure up what he hopes may be a different or alternative legal theory (breach of contract) in an effort to resurrect and revive his previously dismissed complaint in Case No. 1:04-cv-260 that he should be employed or reinstated as a public school teacher. The amended complaint also avers that this Court has "pendent jurisdiction," (28 U.S.C. § 1367 supplemental jurisdiction) involving a state law claim arising under Section 8 (Due Process Clause) of the Constitution of the State of Tennessee.

All claims and causes of action in Rowe's amended complaint [Doc. No. 24] against these defendants are absolutely precluded and barred by the doctrine of *res judicata*. *Res judicata* is a rule of fundamental and substantial justice. Public policy dictates that there be an end to litigation; that those parties who have contested an issue be bound by the result of the litigation and the court's decision; and that matters once adjudicated shall be considered forever settled as between the parties. *Federated Dep't Stores*, 452 U.S. at 401; *Baldwin v. Traveling Men's Assn.*, 283 U.S. 522,

525 (1931). The purpose of *res judicata* is to protect litigants from the burden of relitigating claims and issues with the same party, and to promote judicial economy by preventing needless litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1 (1984), the Supreme Court explained that r*es judicata* generally consists of two preclusion concepts: issue preclusion and claims preclusion. Issue preclusion refers to the effect of a court's judgment in foreclosing relitigation of a particular claim or issue that has already been litigated and decided. This effect is commonly referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a court's judgment in foreclosing litigation of a claim or issue that has never been actually litigated and decided but which should have been advanced and litigated in an earlier lawsuit. *Id.*; *see also Rawe*, 462 F.3d at 528 n. 5; *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003); *In re Fordu*, 201 F.3d 693, 702-03 (6th Cir. 1999).

Both issue preclusion and claim preclusion serve the public policy of conserving judicial and litigant resources, and minimizing the danger of inconsistent judgments. *Fordu*, 201 F.3d at 703. *Res judicata* extinguishes all rights of the plaintiff to remedies against the defendants with respect to all or any part of the transaction, or series of connected transactions and events, out of which the plaintiff's action arose. *Walker v. General Telephone Co.*, 25 Fed. Appx. 332, 336 (6th Cir. 2001); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996); *Graves v. BGSA, LLC*, 2007 WL 308045, * 2 (E.D. Tenn. Jan. 29, 2007).

Under the doctrine of *res judicata*, the final judgment on the merits in the prior lawsuit (Case No. 1:04-cv-260) which Rowe brought against these same defendants now precludes and forever bars Rowe from litigating any and all claims that either were raised or could have been raised by

25

Rowe in the prior action. *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 797 n. 4 (1996); *Migra*, 465 U.S. at 77 n. 1; *Federated Dep't Stores*, 452 U.S. at 398-401; *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 528-28 (6th Cir. 2006); *Hayes v. City of Memphis*, 108 Fed. Appx. 262, 264 (6th Cir. 2004); *Mitchell*, 343 F.3d at 819; *Pacific Employers v. Sav-A-Lot of Winchester*, 291 F.3d 392, 399 (6th Cir. 2002); *Fordu*, 201 F.3d at 703; *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999); *Knox County Education Association v. Knox County Board of Education*, 158 F.3d 361, 376 (6th Cir. 1998); *Heyliger v. State University and Community College System of Tennessee*, 126 F.3d 849, 852 (6th Cir. 1997); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

A claim is precluded under the *res judicata* doctrine if four elements are established: (1) a final decision was rendered on the merits in the first civil action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises an issue or claim which was either actually litigated or should have been litigated in the first action; and (4) identity of the claims or causes of action. *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir. 2007); *Rawe*, 462 F.3d at 528; *Hayes*, 108 Fed. Appx. at 264; *Mitchell*, 343 F.3d at 819; *Saylor*, 315 F.3d at, 668; *Begala*, 214 F.3d at 779; *Wilkins*, 183 F.3d at 532; *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997); *Kane*, 71 F.3d at 560; *Walker*, 25 Fed. Appx. at 336; *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (Cir. 1992); *see also Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002).

The Court finds that all four elements necessary for the application of *res judicata* are clearly met here. The Court has reviewed and compared Rowe's instant amended complaint [Doc. No. 24] with the prior litigation that occurred in this Court in Case No. 1:04-cv-260. In Case No. 1:04-cv-

260, there was a final judgment and decision on the merits by a court of competent jurisdiction. The present action brought by Rowe (Case No.1:07-cv-20), involves the same parties and it arises out of the same events and nucleus of operative facts as prior Case No. 1:04-cv-260. Rowe brings the instant lawsuit against the same defendants that he sued in Case No. 1:04-cv-260. The instant action (Case No. 1:07-cv-20) raises issues and claims that were either actually litigated (Fourteenth Amendment due process claim), or should have been raised and litigated (breach of contract of employment claim) by Rowe in prior Case No. 1:04-cv-260.

Finally, there is identity of the claims and causes of action between Rowe's prior Case No. 1:04-cv-260 and the instant Case No. 1:07-cv-20. The fourth element of *res judicata* is satisfied if Rowe's claims and causes of action in the instant amended complaint arise out of the same core of operative facts as his prior Case No. 1:04-cv-260. *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002); *Graves*, 2007 WL 308045, * 3. "Identity of claims or causes of action" means an identity of the underlying facts and events creating the right of action and of the evidence necessary to sustain each action. *Walker*, 25 Fed. Appx. at 336; *Sanders Confectionary*, 973 F.2d at 484; *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). All of the claims and causes of action now asserted by Rowe in his amended complaint, including his breach of contract of employment claim and Fourteenth Amendment due process claims, arise out of and are predicated on the same events, same core of operative facts, and same evidence that existed when Rowe brought and litigated prior Case No. 1:04-cv-260.

Consequently, Rowe's amended complaint shall be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) on the ground that all of his claims and causes of action against these defendants are precluded and barred by the doctrine of *res judicata*. The law does not allow Rowe the luxury

of returning to federal court to bring multiple, repetitive lawsuits against the same defendants and to engage in piecemeal litigation based on the same set of facts and events in a never-ending quest for a successful claim. *Begala*, 214 F.3d at 780.

## V. Failure to State Claim Upon Which Relief Can Be Granted Based on Theory of Breach of Contract of Employment

Rowe's amended complaint must also be dismissed under Fed. R. Civ. P. 12(b)(6) for the alternative reason that it fails to state a viable claim for breach of contract of employment. Rowe does not allege that HCBE has breached an existing contract of employment by unlawfully discharging Rowe or terminating his employment. Instead, Rowe contends that after he was "separated" from employment in 1988 by Chattanooga Board of Education, HCBE has declined or refused to employ Rowe as a teacher in the Hamilton County public school system. The amended complaint does not allege any facts which tend to show that a decision by these defendants and HCBE not to employ Rowe constitutes the breach of an existing contract of employment between Rowe and HCBE.

For there to be a viable claim for breach of contract of employment against these defendants, there must first have existed a contract of employment between Rowe and HCBE. Rowe conveniently overlooks the fact that his former teaching job was with the now defunct Chattanooga Board of Education and not HCBE. Based on the prior history of litigation, this Court takes judicial notice that Rowe has never had a contract of employment with HCBE. HCBE has never employed Rowe as a teacher in the Hamilton County public school system.

Rowe was discharged from employment as a teacher by the Chattanooga Board of Education in 1980. Rowe did not have a contract of employment as a public school teacher in 1997 when the

Chattanooga school system was dissolved and merged into HCDE. When HCDE took over operation of the Chattanooga public school system in 1997, Rowe did not have an existing contract of employment with either the Chattanooga Board of Education or HCBE. Based on these facts and circumstances, Rowe cannot plead and establish that he has ever had a contract of employment with HCBE.

Rowe does not allege sufficient facts and plead how any decision by the defendants and HCBE not to employ Rowe at this juncture constitutes the breach of an existing contract of employment. Rowe is not asserting a true breach of contract of employment claim. Rather, Rowe's amended complaint against the defendants is actually in the nature of a failure-to-hire claim, i.e. a complaint predicated on the defendants' denial or rejection of applications by Rowe seeking future employment with the Hamilton County public school system. It is not a breach of contract of an existing employment for defendants and HCBE to deny and reject applications by Rowe seeking employment for the first time in the Hamilton County public school system. When the defendants decline to employ Rowe as a teacher, it is not a breach of a contract of employment.

Accordingly, Rowe's claim for breach of contract of employment will be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**VI.     42 U.S.C. § 1983 and Due Process Clause of Fourteenth Amendment**

The amended complaint contains vague references to due process, the Fourteenth Amendment to the Unites Stated Constitution, and 42 U.S.C. § 1983. It not clear whether Rowe is attempting to plead a procedural due process claim and/or a substantive process claim under the Due Process Clause of the Fourteenth Amendment. In the interest of completely disposing of Rowe's amended complaint, the Court will analyze the amended complaint and explain why any procedural

29

and substantive due process claims asserted by Rowe under 42 U.S.C. § 1983 and the Fourteenth Amendment must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

To state a viable claim under 42 U.S.C. § 1983, a complaint must allege two essential elements: (1) the plaintiff was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under the color of state law. *Upsher v. Grosse Pointe Public School System*, 285 F.3d 448, 452 (6th Cir. 2002). 42 U.S.C. § 1983 is not self-executing, and is not itself a source of substantive legal rights. Section 1983 provides a method or remedy for vindicating substantive federal rights conferred elsewhere in federal law. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Harris v. Detroit Public Schools*, 2007 WL 2050645, * 7 (6th Cir. July 13, 2007); *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006); *Upsher*, 285 F.3d at 452.

Plaintiff Rowe is required to plead specific legal grounds for asserting a claim under 42 U.S.C. § 1983 based on a source of substantive federal law. Rowe's amended complaint only makes a conclusory reference to the Fourteenth Amendment and due process. The Due Process Clause of the Fourteenth Amendment provides that no State shall deprive any person of liberty or property without due process of law. There are two main categories of Fourteenth Amendment due process claims: procedural due process and substantive due process.

## A.  Procedural Due Process

To make out a procedural due process claim under the Fourteenth Amendment, Rowe is required to plead and establish three essential elements: (1) Rowe had a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment; (2) the defendants deprived

Rowe of this protected interest; and (3) the defendants did not afford Rowe adequate procedural due process prior to depriving him of the protected interest. *Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002); *Hahn v. Star* Bank, 190 F.3d 708, 716 (6th Cir. 1999); *Guster v. Hamilton County Department of Education*, 2004 WL 1854181, * 13 (E.D. Tenn. March 2, 2004).

Questions of procedural due process are analyzed in a two-step process. First, the Court must determine whether plaintiff Rowe has a property or liberty interest in being employed as a school teacher by HCBE that is entitled to due process protection under the Fourteenth Amendment. If he has a protected property or liberty interest, then the second step is to determine whether the procedures attendant upon the deprivation of that protected interest were constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Nunn v. Lynch*, 113 Fed. Appx. 55, 58 (6th Cir. 2004); *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004); *Buchanan v. Apfel*, 249 F.3d 485, 490 (6th Cir. 2001); *Leary v. Daeschner*, 228 F.3d 729, 741-42 (6th Cir. 2000); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993).

The Court concludes that Rowe's amended complaint does not clear the first hurdle. The amended complaint fails to state and plead a viable procedural due process claim under the Fourteenth Amendment because Rowe clearly does not have a constitutionally protected property or liberty interest in future employment as a school teacher by HCBE. *Roth*, 408 U.S. at 569-70; *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir. 1996); *Mertik v. Blalock*, 983 F.2d 1353, 1359 (6th Cir. 1993); *Guster*, 2004 WL 1854181, at * 13.

### 1.    **Property Interest**

Property interests protected by the Due Process Clause of the Fourteenth Amendment are stem from a source independent of the United States Constitution, such as state law, and are not

created by the Constitution itself. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 537 (1985); *Roth*, 408 U.S. at 577; *Nunn*, 113 Fed. Appx. at 58; *Sharp v. Lindsey*, 285 F.3d 479, 487 (6th Cir. 2002); *Leary*, 228 F.3d at 741; *Gregory v. Hunt*, 24 F.3d 781, 784 (6th Cir. 1994); *Mertik*, 983 F.2d at 1359; *Guster*, 2004 WL 1854181, at * 13. Government employment amounts to a protected property interest when the employee has a legitimate expectation of continued employment. *Roth*, 408 U.S. at 577; *Curby v. Archon*, 216 F.3d 549, 553 (6th Cir. 2000); *Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990); *Guster*, 2004 WL 1854181, at * 13.

This Court looks to Tennessee state law to determine whether Rowe has a property interest and legitimate expectation of being employed as a teacher by HCBE. In reviewing Tennessee state law, this Court is guided by the decision of the Supreme Court of Tennessee in *Rowe v. Board of Education of City of Chattanooga*, 938 S.W.2d at 354.

Under Tennessee state law, Rowe does not have a protected property interest in being employed as a teacher by HCBE. Rowe has never had a contract of employment with HCBE. It is within the discretion of HCBE to decide whether to employ Rowe. Consequently, Rowe cannot have a legitimate expectation of being employed as a teacher by HCBE.

The Supreme Court of Tennessee in *Rowe v. Board of Education of City of Chattanooga*, 938 S.W.2d at 354, decided that Rowe did not have a protected property interest in being employed as a teacher by his former employer, the Chattanooga Board of Education. Common sense and logic dictate that since Rowe did not have a protected property interest in being employed by his former employer, the Chattanooga Board of Education, then Rowe likewise does not have a protected property interest in being employed as a teacher now HCBE. HCBE is in a stronger position compared to the Chattanooga Board of Education because HCBE has never employed Rowe.

Even if we assume *arguendo* that HCBE is somehow considered to be Rowe's former employer as a result of the merger of the Chattanooga school system into the Hamilton County school system in 1997, then HCBE would essentially be in the same position as the Chattanooga Board of Education. This brings us back to *Rowe v. Board of Education of City of Chattanooga*, 938 S.W.2d at 354-57, which stands for the proposition that Rowe does not have a protected property interest in being re-employed as a teacher by his former employer. Furthermore, in prior federal Case No. 1:04-cv-260 [Appendix1], this Court, relying on *Rowe*, 938 S.W.2d at 354-57, held that Rowe does not have a protected property interest in attaining employment with the Hamilton County school system.

In sum, this Court again agrees with and follows the cogent analysis of the Supreme Court of Tennessee in *Rowe v. Board of Education of City of Chattanooga*, 938 S.W.2d at 354-57. There the Supreme Court of Tennessee held that Rowe's attempts to attain future employment with the Chattanooga public school system did not rise to the level of a "legitimate claim of entitlement" for purposes of constitutional due process analysis. Rowe's desire to be employed or reinstated by the Chattanooga school system was correctly described as a mere "unilateral expectation" or an "abstract need or desire" for it. Therefore, Rowe failed to establish that he was deprived of a property interest protected under the Due Process Clause of the Fourteenth Amendment. *Id*.

The same analysis applies with equal force here. In the case at bar, Rowe only has a mere "unilateral expectation" or "abstract need or desire" to attain employment as a teacher with HCBE. This is insufficient as a matter of law to state a viable claim that the defendants have deprived Rowe of a property interest that is protected under the Due Process Clause of the Fourteenth Amendment. *Roth*, 408 U.S. 577; *Rowe*, 938 S.W.2d at 354-57.

2.      **Liberty Interest**

Rowe's amended complaint also fails to state a viable claim that the defendants have violated his right to due process by depriving him of a protected liberty interest.  In paragraph 8 of his amended complaint, Rowe alleges that the defendants "acted under color of law to interfere with Plaintiff's right to enter, hold and enforce contractual relationships both privately and publicly by mutual agreement."  This assertion is somewhat ambiguous.  The Court construes this statement to mean Rowe is claiming that the defendants, acting under color of state law, have: (1) interfered with his right to contract by committing a "breach of contract" by not employing Rowe as a teacher in the Hamilton County school system; and/or (2) deprived Rowe of his right to engage in his chosen occupation of being a school teacher by not employing Rowe to be a teacher in the Hamilton County school system.

There is nothing in the amended complaint that can reasonably be construed as further alleging that the defendants have interfered with Rowe's right to engage in his chosen occupation as a teacher and to contract for employment with a different school system outside of the Hamilton County public school system.  The amended complaint does not allege that Rowe has ever made an application for employment to a school or school system other than the Hamilton County public school system which has been rejected or denied.  The amended complaint is limited to applications by Rowe seeking employment within the Hamilton County public school system.

The gist of Rowe's amended complaint is that the defendants have declined or refused to employ him as a teacher in the Hamilton County public school system. This is insufficient to state a viable claim under 42 U.S.C. § 1983 that Rowe has been deprived of a liberty interest that is protected under the Due Process Clause of the Fourteenth Amendment.  Rowe has never had a

contract of employment with HCBE. The defendants cannot have interfered with Rowe's right to contract or breached a contract of employment for the simple reason that there has never existed a contract of employment between Rowe and HCBE.

Liberty interests derive both from the Due Process Clause of the Fourteenth Amendment itself and state law. *Thompson*, 490 U.S. at 460; *Pusey*, 11 F.3d at 656; *Guster*, 2004 WL 1854181, at * 13. The broad concept of "liberty" under Fourteenth Amendment due process jurisprudence includes the right of an individual to contract and the right "to engage in any of the common occupations of life." *Roth*, 408 U.S. at 572, *Rowe*, 938 S.W.2d at 355. A simple refusal by an employer to rehire a former employee, without more, does not rise to the level of infringing on a liberty interest that is entitled to due process protection under the Fourteenth Amendment. *Roth*, 408 U.S. at 572-74; *Rowe*, 938 S.W.2d at 355.

This Court in prior federal Case No. 1:04-cv-260 [Appendix1], relying on *Rowe*, 938 S.W.2d at 354-57, held that Rowe does not have a protected liberty interest in attaining employment with the Hamilton County public school system. There is nothing in the instant amended complaint that warrants this Court changing its opinion on this issue. Accordingly, Rowe's allegation or claim that the defendants are depriving him of a liberty interest in violation of his Fourteenth Amendment right to procedural due process must be dismissed under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

**B.    Substantive Due Process**

The doctrine that deprivations of life, liberty or property by a government entity are subject to limitations regardless of the adequacy of the procedures employed to cause the deprivation has come to be known as substantive due process. *Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir.

2003); *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992). Substantive due process claims are divided into two categories: (1) claims asserting the deprivation of a particular statutory or constitutional right, privilege, or immunity; and (2) claims alleging an egregious, arbitrary abuse of governmental power that "shocks the conscience." *Buchanan*, 249 F.3d at 491; *Pusey*, 11 F.3d at 656.

Rowe's amended complaint fails to state a claim for deprivation of his right to substantive due process. Rowe cannot and does not assert a viable claim under the first category of cases because he does not allege the deprivation of a particular statutory or constitutional right, privilege, or immunity that is entitled to protection under the Due Process Clause of the Fourteenth Amendment. As discussed *supra*, Rowe does not have a protected property or liberty interest in attaining employment as a school teacher with the HCBE.

Rowe's amended complaint also fails to state a substantive due process claim that falls under the second category of cases. The amended complaint does not allege any facts that support a claim showing that the defendants have engaged in such an egregious, arbitrary abuse of governmental power that it "shocks the conscience."

Furthermore, to the extent that Rowe may be asserting a substantive due process claim utilizing a breach of contract of employment theory, there is an additional reason why the complaint fails to state a claim upon which relief can be granted. The substantive due process component of the Due Process Clause in the Fourteenth Amendment is not concerned with garden variety issues of common law contract and disputes involving state-created contract rights. Most, if not all, state-created contract rights are not protected by substantive due process under the Fourteenth Amendment. Substantive due process affords only those protections so rooted in the traditions and

conscience of the people of the United States as to be ranked as "fundamental." Substantive due process protects those fundamental interests that are implicit in the concept of ordered liberty, like personal choice in matters of marriage and family. State-created contract rights do not rise to the level of "fundamental" interests protected by substantive due process. This is because routine state-created contractual rights are not so vital and important that neither liberty nor justice would exist if the contract rights were sacrificed. In sum, breach of contract claims based on contractual rights created under state law ordinarily do not rise to the level of "fundamental" interests that are protected by Fourteenth Amendment substantive due process. *Harris v. Detroit Public Schools*, 2007 WL 2050645, at * 7; *Young v. Township of Green Oak*, 471 F.3d 674, 684 (6th Cir. 2007); *Bowers v. City of Flint*, 325 F.3d 758, 763-64 (6th Cir. 2003); *Parks v. City of Chattanooga*, 74 Fed. Appx. 432, 443 (6th Cir. 2003); *Sutton v. Cleveland Board of Education*, 958 F.2d 1339, 1350-51(6th Cir. 1992); *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990); *Ramsey v. Board of Education of Whitley, County*, 844 F.2d 1268, 1274-75 (6th Cir. 1988); *Collins v. City of Chattanooga*, 2001 WL 34079299, * 12 (E.D. Tenn. Oct. 2, 2001).

In the case at bar, Rowe's amended complaint does not plead or claim that the defendants' alleged breach of contract of employment involves or rises to the level of a deprivation of any "fundamental" interests that are protected by Fourteenth Amendment substantive due process.

Accordingly, all claims brought by Rowe under 42 U.S.C. § 1983 based on the Fourteenth Amendment and due process will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**VII.** **Plaintiff's Motions For Entry of Default and Default Judgment**

On March 12, 2007, defendants moved to dismiss Rowe's complaint pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. No. 13]. On March 16, 2007, Rowe requested entry of default against each defendant pursuant to Fed. R. Civ. P. 55(a) because the defendants had not filed answers to his first complaint. [Doc. No. 15]. On March 28, 2007, the Court denied Rowe's request for entry of default under Rule 55(a). [Doc. No. 17]. The Court determined that the defendants are not in default because they have a pending Rule 12(b)(6) motion to dismiss Rowe's complaint.

Ordinarily, a defendant must file an answer within twenty days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). The twenty-day time limit to answer does not apply when a defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b). Because the defendants made a Rule 12(b)(6) motion to dismiss the complaint, the defendants are not required to file answers or other responsive pleadings until such time as the Court decides the Rule 12(b)(6) motion. Fed. R. Civ. P. 12(a)(4)(A). Defendants are not in default, and Rowe is not entitled to an entry of default and a default judgment against any of the defendants pursuant to Fed. R. Civ. P. 55(a) and (b).[3]

After this Court entered its order on March 28, 2007 [Doc. No. 17] denying Rowe's request for entry of default under Rule 55(a), Rowe amended his complaint on July 19, 2007. [Doc. No. 24]. In the wake of the amended complaint, Rowe has made similar motions for entry of default under Rule 55(a) and/or default judgment under Rule 55(b). [Doc. Nos. 28, 29, 30]. It appears that Rowe

---

[3] This decision should not come as a surprise to Rowe since the same situation occurred in the prior case styled *Leonard L. Rowe v. Jesse B. Register, et al.*, United States District Court for the Eastern District of Tennessee at Chattanooga, Case No. 1:04-cv-260, *aff'd*, *Rowe v. Register*, 172 Fed. Appx. 660, 2006 WL 526909 (6th Cir. March 3, 2006). In that prior case, the defendants moved to dismiss Rowe's complaint under Rule 12(b)(6). Rowe moved for entry of default judgment under Rule 55(b). This Court denied Rowe's motion for default judgment because the defendants had a pending Rule 12(b)(6) motion to dismiss and the defendants were not in default. This is discussed by the Sixth Circuit in *Rowe*, 172 Fed. Appx. 660.

takes the position he is entitled to a default judgment under Rule 55(b) because the defendants have not answered his amended complaint.

These repetitive motions by Rowe for entry of default and default judgment under Rule 55 [Doc. Nos. 28, 29, 30] will be **DENIED**. The defendants are not in default. As long as the defendants have a Rule 12(b)(6) motion to dismiss the complaint pending before the Court, the defendants are not required to file answers to the complaint. Any arguments to the contrary by Rowe that he is entitled to a default judgment are frivolous.

Moreover, default judgments are generally disfavored in the federal courts, especially where a defendant presents a meritorious defense to the complaint. *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794-95 (6th Cir, 2002); *United Coin Meter Co., Inc. v. Seaboard Coastline RR*, 705 F.2d 839, 845-46 (6th Cir. 1983); *see also Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (explaining what constitutes a meritorious defense in the context of default judgment). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter*, 705 F.2d at 845. This Court will not enter a default judgment because Rowe's entire amended complaint must be dismissed as to all defendants under Rule 12(b)(6). In this case, the defendants have raised a meritorious defense. All of the claims and causes of action alleged in Rowe's amended complaint are precluded and barred by the doctrine of *res judicata*.

## VIII.  Defendants' Motion for Permanent Injunction

In an effort to staunch the flow of frivolous and repetitive lawsuits initiated by Rowe, defendants Jesse Register, Frederick Carr, Scott Bennett, Robert A. Smith, Lonita R. Davidson, and HCBE move pursuant to Fed. R. Civ. P. 65(d) for a permanent injunction to prohibit Rowe from filing future lawsuits against them in the United States District Court for the Eastern District of

Tennessee without prior authorization of the Court. [Doc. No. 16]. Defendants contend that Rowe should be enjoined from continuing to file multiple baseless and harassing lawsuits against the defendants that involve, relate to, or arise out of any of the same allegations and claims presented in Rowe's instant complaint and Rowe's previously adjudicated complaints against these same defendants. The defendants' motion for injunctive relief is based on *Marbly v. Kay,* 238 F.3d 422 (Table, text in 2000 WL 1827783 (6th Cir. Dec. 8, 2000)) and the doctrine of *res judicata.*

Rowe opposes the motion. In response, Rowe has filed a "motion to deny the defendants' motion for injunction." [Doc. No. 18]. Rowe does not provide any legal analysis or citations to pertinent authority to support his position. Rowe only argues that he is entitled to pursue redress for grievances through judicial proceedings. In other words, Rowe contends that he has a right to file as many lawsuits as he wants against these defendants *ad infinitum.*

After reviewing the record, the Court concludes that the defendants' motion for an injunction is well taken. For good cause shown, the motion for injunction [Doc. No. 16] will be **GRANTED**. Rowe's counter- motion [Doc. No. 18] will be **DENIED**.

The Court agrees with the defendants. Based on the pattern of Rowe's conduct and his prior history of litigation, it is reasonable to anticipate that Rowe in the future will persist in his unceasing efforts to bring more lawsuits and relitigate old claims against these same defendants that are now forever barred and precluded by the doctrine of *res judicata.* The Court finds that Rowe has a demonstrated history of repetitive, vexatious, frivolous, and bad faith litigation against these same defendants, and also against their predecessors who formerly managed and operated the Chattanooga public school system. The instant breach of contract suit is frivolous, vexatious, and brought in bad faith. Rowe's breach of contract of employment claim is not supported by the facts. There has

never existed a contract of employment between Rowe and HCBE. Moreover, the Court has determined that Rowe's breach of contract claim, and all other claims in his amended complaint, are barred and precluded by the doctrine of *res judicata*.

Rowe shall not be permitted to continue his pattern of conduct in filing multiple, repetitive civil actions in this Court against the same defendants involving essentially the same nucleus of operative facts, allegations and claims. At this juncture, such conduct on the part of Rowe amounts to nothing more than harassment of the defendants and an abuse of the judicial process.

The Court recognizes that it cannot absolutely foreclose and enjoin Rowe from ever seeking to initiate another civil action in the future against these same defendants in federal district court, if such a civil action is based on new and different facts and legal claims that are not precluded by the doctrine of *res judicata*. *Conway v. Nusbaum*, 109 Fed. Appx. 42, 44 (6th Cir. 2004); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Reid v. Purkey*, 2007 WL 646370, * 9 (E.D. Tenn. Feb. 26, 2007). Rowe has a constitutional right of access to the federal courts.

But this Court has the inherent authority and discretion to fashion an appropriate remedy by imposing reasonable pre-filing restrictions on Rowe to prevent future abuse of the judicial process. The Court can require Rowe to obtain the Court's permission before he is allowed file any more lawsuits against these same defendants. It is permissible to require one who has abused the legal process to make a preliminary showing that a tendered civil lawsuit is not frivolous or vexatious before the Court permits it to be filed. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *First Bank of Marietta*, 307 F.3d at 511-25; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269-70 (6th Cir. 1998); *Ortman*, 99 F.3d 807; *Reid*, 2007 WL 646370, at * 9. The

Court's inherent authority to control the conduct of the litigants before it, to protect and promote the orderly administration of justice, and to maintain the Court's integrity, extends to the full range of litigation abuses. *Chambers*, 501 U.S. at 43-44; *First Bank of Marietta*, 307 F.3d at 512 n. 7; *Mitan v. International Fidelity Ins. Co.*, 2001 WL 1216978, * 6 (6th Cir. Oct. 3, 2001).

The Court will exercise its inherent authority and issue a permanent injunction. Rowe shall be enjoined from filing any further civil complaints, lawsuits, or pleadings of any kind in the United States District Court for the Eastern District of Tennessee against any of these same defendants, namely Jesse Register, Frederick Carr, Scott Bennett, Robert A. Smith, Lonita R. Davidson, the Hamilton County Board of Education, and any person or persons who either currently or in the future occupy and hold the position of Superintendent of Hamilton County Department of Education in Hamilton County, Tennessee, without first obtaining this Court's written approval to do so. Before the Court will allow and permit Rowe to file any more civil complaints or lawsuits against any of these defendants, Rowe shall be required to certify in writing and make a preliminary showing, consistent with Fed. R. Civ. P. 11, that the complaint or pleading tendered by him to the Court for pre-filing review is made by Rowe in good faith and that it is not frivolous, vexatious, or being filed for an improper purpose such as harassment. *Chance v. Todd*, 74 Fed. Appx. 598, 600 (6th Cir. 2003); *Marbly v. Wheatley*, 87 Fed. Appx. 535 (6th Cir. 2004); *Marbly*, 2000 WL 1827783; *Feathers*, 141 F.3d at 269; *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Tropf v. Fidelity National title Insurance Co.*, 289 F.3d 929, 940-43 (6th Cir. 2002); *Hawkins v. Czarnecki*, 2002 WL 1869309 (6th Cir. Aug. 13, 2002); *Callihan v. Commonwealth of Kentucky*, 2002 WL 1301664 (6th Cir. June 12, 2002); *Mitan*, 2001 WL 1216978; *Siller v. Haas*, 2001 WL 1298980 (6th Cir. Aug. 7, 2001); *Atchison v. Farrell*, 2000 WL 1359651 (6th Cir. Sept. 15, 2000); *Ortman*, 99

F.3d at 811.

**IV.** **Conclusion**

The plaintiff's entire complaint shall be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) as to all claims and causes of action brought against the defendants. A separate order ruling on the motions, and a separate judgment and injunction will be entered. Defendants shall recover their costs of this action. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. §§ 1920, 1924; E.D.TN. LR 54.1. The Clerk of Court shall close the record in this case.

Finally, the Court hereby gives **NOTICE** to plaintiff Leonard Rowe that if he persists in filing frivolous or vexatious complaints, pleadings, motions, briefs, and other documents in this Court in the future against these same defendants, the Court may exercise its authority to *sua sponte* impose any necessary and appropriate sanctions on him pursuant to Fed. R. Civ. P. 11, including but not limited to monetary sanctions.

SO ORDERED.

ENTER this 8th day of May, 2008.

_____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE